IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: FIFTH THIRD BANK ) Misc. Action Nos. 10-0353,
) 10-0354, and 10-0355

MEMORANDUM

Gary L. Lancaster, May 2, 2011
Chief Judge.

This is a confession of judgment proceeding. In December of 2010 Fifth Third Bank, a secured creditor, obtained a $20.6 million judgment against Gary L. Reinert. Sr. and his related companies. Unable to execute on the judgment, the Bank sought an order from this court turning over the collateral secured by the loan documents and appointing a receiver ("Receivership Order"). Although Reinert did not oppose the Bank's motion, after it was entered he asked the court to stay the Order until a hearing could be held on the matter. The court stayed the Order and held a hearing on April 6, 2011. At the conclusion of that hearing, the court reinstated the prior Receivership Order and directed the Receiver to file his first status report within sixty (60) days.

There are two motions pending. First, the Bank has filed a motion asking that we hold Reinert in contempt of court for violating the Receivership Order [doc. no. 24]. Second, Reinert has filed a motion asking that we impose guidelines and

restrictions on the Receiver [doc. no. 25]. For the reasons that follow, we grant the Bank's motion except to the extent it seeks monetary sanctions. We deny Reinert's motion.

### A. Motion for Contempt

According to the Bank, Reinert and his son-in-law, Fred McMillen, have interfered with the Receiver's efforts to locate and take possession of the collateral since the court reinstated the Receivership Order at the April 6, 2011 hearing. However, the Bank did not seek court intervention until the Receiver discovered that computer equipment, office machinery, and file cabinets had been removed from the offices of Metal Foundations, LLC, one of Reinert's companies, sometime between April 21st and April 25th while the Receiver was out of town. Such removal violates the terms of the Receivership Order. Reinert allegedly agreed to return the property to the Metal Foundations offices by April 26, 2011. However, the Bank filed the instant motion on April 26, 2011, before the property was returned. We do not presently know whether Reinert has returned the property.

Instead of responding to the factual allegations made by the Bank in its motion or responding to the Bank's legal arguments regarding contempt sanctions, Reinert filed his own emergency motion on April 27, 2011 asking the court to impose

guidelines and restrictions on the Receiver. In that filing, Reinert does not deny that he removed the property. As such, the Bank has met the requirements to obtain a contempt order. Marshak v. Treadwell, 595 F.3d 478, 485 (3d Cir. 2009) (movant must prove that a valid court order existed, and that a party having knowledge of the order disobeyed it). However the imposition and content of a contempt order is always within the discretion of the court.

In this case, the Bank seeks the following relief: (1) that Reinert return all of the office equipment and files he removed from the offices of Metal Foundations, LLC; (2) that all vehicles owned by Metal Foundations, LLC be turned over to the Receiver; (3) that Reinert and his son-in-law Fred McMillen be required to appear for depositions; (4) that Reinert and McMillen be barred from entering the offices of Metal Foundations, LLC without prior consent of the Receiver; and (5) that Reinert pay the Bank a monetary sanction and reimburse it for its attorneys' fees and costs incurred in connection with the contempt motion. In fashioning the appropriate scope of a contempt order, we must be mindful of its purposes, i.e., to coerce a party into compliance with the court's orders and/or to compensate the opposing party for the losses sustained as a result of noncompliance. United States v. United Mine Workers,

.

3

330 U.S. 258, 303 (1947) (quoting <u>Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418, 418 (1911)).

Based on these considerations, we find it appropriate to order Reinert to return the items he removed from Metal Foundations and to ensure that all employees, officers, or directors deliver their company owned cars to the Receiver. We also find it appropriate to require Reinert and McMillen to appear for depositions and to obtain the consent of the Receiver before entering the offices of Metal Foundations in the future. Although we may reach a different conclusion should further contempt proceedings become necessary, at this time we will not impose a monetary sanction against Reinert or award costs and fees to the Bank.

We find the relief granted to be sufficient to ensure Reinert's future compliance with the Receivership Order. Should our finding be proven erroneous in the future, we will impose more drastic sanctions. As to the goal of compensating the Bank, we note that Reinert had apparently already agreed to return the property when the Bank filed the motion. Moreover, it appears that the Receiver had never previously attempted to bar Reinert or McMillen from entering Metal Foundation's offices, and that neither Reinert nor McMillen had been previously noticed for a deposition in aid of execution.

4

Therefore, the need for court involvement to secure such relief in the first instance is questionable.

### B. Motion for Restrictions

Reinert has asked that we impose various guidelines and restrictions upon the Receiver requiring him to preserve the ongoing business operations of Reinert's companies. As an initial matter, although Reinert does not acknowledge this fact, he made the same request at the conclusion of the April 6, 2011 hearing. The court denied his request at that time. Reinert has not identified any change in factual circumstances, or cited to any legal authority that would require the court to reach a different result at this time.

Turning to the merits of Reinert's motion, we note that it is premised on the assertion that Reinert's companies are worth well in excess of the amount of the Bank's judgment,[1] and remain viable business entities. At the April 6, 2011 hearing the Receiver indicated that the businesses were illiquid, insolvent, currently producing no income, delinquent on their taxes, and worth less than $20 million. Reinert has never identified any evidence, other than his personal opinion, to refute that assessment or support his valuation of the

---

[1] Reinert alleged, without support, at the April 6, 2011 hearing that his companies were worth more than $200 million. He now alleges in the instant motion, again without support, that the companies are worth $100 million.

5

companies. Nor has Reinert ever presented this court with any legal authority to support his contentions that the Receiver has a fiduciary duty to Reinert and the other creditors to operate the companies in order to maximize their value, that the Receiver is required to post a bond, or that the Receiver must allow Reinert to assume contracts that he abandons.

It was clear at the April 6, 2011 hearing that the role of the Receiver was to collect the collateral and assess its value in order to determine how best to satisfy some portion of the Bank's $20 million judgment. Reinert cannot now justify a change in the fundamental character and purpose of the receivership with nothing more than bald assertions that the companies are worth hundreds of millions of dollars, that sales of real estate and equipment have been arranged that will soon result in the realization of a few hundred thousand dollars, and that Reinert's technical knowledge, strong personal relationships with customers, and good reputation in the industry are essential to the continued operation of the companies. Even still in his motion, Reinert has failed to identify any evidence to support his factual contentions.

Reinert borrowed more than $20 million from the Bank and pledged the entirety of his companies as collateral. He failed to pay off the loan and now the Bank holds a $20.6 million judgment. Despite making several promises to pay the

Bank, including pledging a substantial tax refund that he later diverted to other creditors, Reinert has refused to voluntarily pay any portion of the outstanding debt or judgment. Reinert's complaints regarding irreparable harm and loss of future business are not relevant in the current circumstances. Reinert has failed to establish his right to any of the relief requested, and therefore, we deny his motion.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: FIFTH THIRD BANK ) Misc. Action Nos. 10-0353,
) 10-0354, and 10-0355

ORDER

AND NOW, this 2nd day of May, 2011, upon consideration of Fifth Third Bank's Emergency Motion for Contempt of the March 16, 2011 Order of Court [doc. no. 24] IT IS HEREBY ORDERED that the motion is GRANTED, as follows, and DENIED in all other respects:

1) Gary L. Reinert. Sr. must return to the Receiver all property Reinert removed from the offices of Metal Foundations, LLC at any time prior to April 25, 2011 no later than two (2) business days after the entry of this order on the court's docket;

2) All employees, officers, or directors of Metal Foundations, LLC that are currently in possession of vehicles owned by Metal Foundations, LLC shall deliver said vehicle to the Receiver no later than two (2) business days after the entry of this order on the court's docket;

3) Gary L. Reinert, Sr. and Fred McMillen shall appear, separately, for a deposition taken upon oral examination at the offices of Leech Tishman Fuscaldo & Lampl at a mutually convenient date and time, but in no event later than five (5) business days after entry of this order on the court's docket; and

4) Gary L. Reinert, Sr. and Fred McMillen are prohibited from entering the offices of Metal Foundations, LLC without the prior consent of the Receiver;

IT IS FURTHER ORDERED that Reinert's Emergency Motion to Impose Guidelines and Restrictions upon the Receiver [doc. no. 25] is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record